RECEIVED
Charlotte, NC

DEC 11 2018

Clerk, US District Court
Western District NC

# UNITED STATES DISTRICT COURT

for the

Western District of North Carolina ▾

Chartlotte__ Division

|  |  |
|---|---|
| Nathaniel Cannon<br>10826 Smugglers Notch Ct.<br>White Plains, MD. 20695<br><br>―――――――――――――――――<br>*Plaintiff(s)*<br>*(Write the full name of each plaintiff who is filing this complaint.*<br>*If the names of all the plaintiffs cannot fit in the space above,*<br>*please write "see attached" in the space and attach an additional*<br>*page with the full list of names.)*<br>-v-<br><br>Charter Communications<br>2910 Whitehall Park Dr.<br>Charlotte, N.C. 28273<br><br>―――――――――――――――――<br>*Defendant(s)*<br>*(Write the full name of each defendant who is being sued. If the*<br>*names of all the defendants cannot fit in the space above, please*<br>*write "see attached" in the space and attach an additional page*<br>*with the full list of names.)* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 3:18cv657<br>*(to be filled in by the Clerk's Office)*<br><br>Jury Trial: *(check one)* ☐ Yes ☐ No |

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

I.    **The Parties to This Complaint**

A.    **The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Nathaniel Cannon |
| Street Address | 10826 Smugglers Notch Ct |
| City and County | White Plains |
| State and Zip Code | MD 20695 |
| Telephone Number | 704-608-0266 |
| E-mail Address | scorp6578@yahoo.com |

B.    **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

    Name                                    Charter Communications

    Job or Title *(if known)*

    Street Address                     2910 Whitehall Park Dr.

    City and County                 Chartlotte

    State and Zip Code          N.C. 28273

    Telephone Number

    E-mail Address *(if known)*

Defendant No. 2

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

Defendant No. 3

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

Defendant No. 4

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

C.     **Place of Employment**

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | Charter Communications/Spectrum |
| Street Address | 2910 Whitehall Park Dr |
| City and County | Chartlotte |
| State and Zip Code | N.C. 28273 |
| Telephone Number | |

II.    **Basis for Jurisdiction**

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☐     Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note:  In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐     Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note:  In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☑     Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note:  In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐     Other federal law *(specify the federal law)*:

☐     Relevant state law *(specify, if known)*:

☐     Relevant city or county law *(specify, if known)*:

## III.    Statement of Claim

Write a short and plain statement of the claim.  Do not make legal arguments.  State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought.  State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

A.    The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

- ☐ Failure to hire me.
- ☐ Termination of my employment.
- ☐ Failure to promote me.
- ☑ Failure to accommodate my disability.
- ☐ Unequal terms and conditions of my employment.
- ☐ Retaliation.
- ☐ Other acts *(specify)*: _____

  *(Note:  Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B.    It is my best recollection that the alleged discriminatory acts occurred on date(s)

July 7, 2017 _____

C.    I believe that defendant(s) *(check one)*:

- ☑ is/are still committing these acts against me.
- ☐ is/are not still committing these acts against me.

D.    Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

- ☐ race _____
- ☐ color _____
- ☐ gender/sex _____
- ☐ religion _____
- ☐ national origin _____
- ☐ age *(year of birth)* _____ *(only when asserting a claim of age discrimination.)*
- ☑ disability or perceived disability *(specify disability)*

  _____

E.    The facts of my case are as follows.  Attach additional pages if needed.

Please see attached complaint

_(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)_

## IV. Exhaustion of Federal Administrative Remedies

A.      It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on _(date)_

August 1, 2017

B.      The Equal Employment Opportunity Commission _(check one)_:

☐      has not issued a Notice of Right to Sue letter.

☑      issued a Notice of Right to Sue letter, which I received on _(date)_   03/05/2018     .

_(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)_

C.      Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct _(check one)_:

☐      60 days or more have elapsed.

☐      less than 60 days have elapsed.

## V. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Please see attached complaint

---

## VI.   Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.      For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:          11/28/2018

Signature of Plaintiff          *Nathaniel Cannon*

Printed Name of Plaintiff          *Nathaniel Cannon*

### B.      For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Nathaniel A. Cannon<br>10826 Smugglers Notch Court<br>White Plains, MD 20695 | From: | Charlotte District Office<br>129 W. Trade Street<br>Suite 400<br>Charlotte, NC 28202 |

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
| --- | --- | --- |
| 846-2017-29706 | Nancy L. Chapman,<br>Investigator | (704) 954-6541 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

MAR 5 2018

| Enclosures(s) | Reuben Daniels, Jr.,<br>Director | (Date Mailed) |

cc: Shalanna L. Pirtle
Attorney
PARKER POE ADAMS & BERNSTEIN LLP
Three Wells Fargo Center
401 S Tryon St., Suite 3000
Charlotte, NC 28202

Kirton Madison
MADISON LAW, PLLC
P.O. Box 53476
Chicago, IL 60653

Enclosure with EEOC
Form 161 (11/16)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS   --   Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you *receive* this Notice.** Therefore, you should **keep a record of this date.** Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS   --   Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 – in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice *and* within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION   --   Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do *not* relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE   --   All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice.** (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):**   The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

**If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.**

**"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):**

➢ **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.
➢ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities"** now include the operation of major bodily functions, such as: functions of the immune system; special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.
➢ **Only one** major life activity need be substantially limited.
➢ With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.
➢ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active**.
➢ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

**"Regarded as" coverage:**

➢ An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).
➢ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.
➢ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.
➢ A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note:   Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.*   For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

## Complaint

1. I began working for Time Warner cable January 7, 2017.

2. August 2014 I became seriously ill and diagnosed with hypertension, severe sleep apnea, and vertigo and heart arrhythmia.

3. Recently diagnosed with carpal tunnel, anxiety and prostate issues resulting in medication, physical therapy.

4. September 2014 my condition became critical and underwent emergency surgery to implant a pacemaker.

5. Due to medical conditions my doctor advised a less stressful work environment and life style change due to the work environment exacerbated my medical condition.

6. September 2014 upon return to work I requested ADA accommodation to work from home via Sedgwick which was approved.

7. I continued to work from home per my doctor's recommendation with the approval of Time Warner's management for approximately 2 ½ years.

8. Work from home accommodation was conducive to my health as well as my work productivity, which improved dramatically.

9. Working from home prevented exacerbation of my health and allowed me to be in an environment conducive to my health.

10. I suffered symptoms of sleepiness, dizziness, anxiety, high blood pressure and vertigo (affecting my walking) in the work place.

11. Working from home allowed me to compensate for these symptoms by working in a calm and less stressful atmosphere.

12. Being able to lie down during breaks when needed, take medications, monitor my pacemaker via data with my pacemaker lab, which was required periodically or as needed.

13. May 2016 Time Warner cable was sold to Charter Communications.

14. I continued working from home until August 2017 per Time Warner's approved ADA accommodation until August 2017.

15. January or February 2017 Charter sent email stating the work form program discontinued and informed all work from home employees to return to their work place.

16. This included me and 2 members of my team also working from home on ADA medical accommodations, LaRena Bush and LaQaurn Moses.

17. I informed my management Kristin Smith (VP Operations Management) and Kyla House (Human Resources Director) per conference call that I was not a part of the work from home program.

18. I informed Ms. Smith and Ms. House that I was working from home per medical ADA accommodation.

19. Unaware Ms. Smith said she would need to get back to me. Later, Ms. House informed me I would need to reapply for ADA accommodation to work from home.

20. I submitted ADA accommodation to work from home via (Charter Leave Administrator) on March 8, 2017.

21. Sedgwick opened claim and provided paperwork to request ADA accommodation.

22. I submitted the paper work to my doctor who complete and submitted the completed documents requesting my accommodation recommending work from home.

23. One month went by and no word from Sedgwick and I'm still working from home.

24. Approximately April 2017 I received a call from my Sedgwick claims representative, Emily Freeman.

25. Emily asked that I contact my doctor to ask for a "work place accommodation". Not understanding the request, I then asked Ms. Freeman if Charter was denying my ADA request.

26. Ms. Freeman did not answer. I then reiterated to MS. Freeman that my doctor submitted an ADA accommodations recommending work from home.

27. I informed Ms. Freeman if the request was not going to be approved I would need the company to state the reason for a denial.

28. I also requested a reason for denial, such as to state the undue hardship. There was no offer of an alternative accommodation.

29. Ms. Freeman did not have an alternative recommendation to provide from Charter.

30. Sedgwick had a medical release signed by me authorizing Sedgwick to discuss my medical condition as well as medical needs directly with my doctor.

31. I felt it unfair to ask me a non-medical professional to have such a conversation with my doctor.

32. This would leave me and my doctor at a disadvantage not knowing what the company could offer as an alternative accommodation.

33. Charter did not and has not made an offer of an alternate accommodation to date.

34. I asked if the accommodation request was denied, if so what was the reason for denial and what is being cited as "undue hardship"?

35. Later, I received Ms. Freeman's claim notes showing that she made numerous attempts to get an answer form Charter and no response.

36. Ms. Freeman informed Charter Human Resources director Kyla House that she would need to escalate if she did not respond after several request.

37. Ms. House responded indicating she was checking with legal. Several other requests were made after that response to charter requesting an answer and no response.

38. June 23, 2017 Ms. Freeman sent email to Charter indicating if she did not receive a response by June 30, 2017 she would have to suspend my claim and no further action would be taken.

39. The same day on June 23, 2017 Ms. Freeman received a denial from Charter for my claim of an ADA accommodation to work from home.

40. LaRena Bush's ADA accommodation claim to work from home was also denied on the same date. LuQuarn Moses ADA accommodation claim to work from home was also denied.

41. The reason Charter cited for denial was "Charter has terminated the work from home program". Charter has not stated a legitimate undue hardship.

42. I worked form home approximately 2 ½ years even after the company merger.

43. Charter proved they have the capability to accommodate and I proved I was able to do essential functions of my job.

44. July 2017 I received a letter via FedEx reiterating the Sedgwick denial dated July 7, 2017 with a directive to return to the office by August 11 2017 or file for short term disability.

45. (Charter seems to use short term disability in lieu of ADA accommodations) Charter stated they would engage in the interactive process and Ms. Brush received the same letter.

46. Per EEOC ADA accommodations are to be evaluated individually I find it strange that I and my coworker would be denied on the same date for the same reason.

47. Also receive a directive to return to work on the same day as my coworker Ms. Bush.

48. Charter did not act in good faith in the interactive process.

49. Also, what justification would one have to deny a claim and then state the company would engage in the interactive process after the fact. *Per EEOC the interactive process is to occur prior to a denial for an ADA claim.*

50. Per the directive to return to work or file short term disability I opted to return to the office to see if I would be able to perform the essential functions of my job.

51. Approximately 2 weeks after I returned to work I began to experience symptoms of my previous illness.

52. I went to my doctor and he monitored my condition for approximately 1 to 2 weeks and there was no improvement.

53. My doctor informed me that I was not going to be able to continue my job because the job was exacerbating my condition.

54. I then contacted Sedgwick to apply for short term disability and my doctor completed the paperwork which I submitted to Sedgwick.

55. There was a lot of back and forth with the paperwork and Sedgewick representative's challenging my doctor's diagnosis.

56. This led my doctor to submit a statement explaining the need for short term disability as well as submitting office records, medical condition, medication, etc.

57. Sedgwick denied my short term disability claim.

58. I then retained an attorney and the short term disability is currently being litigated.

59. Meanwhile my life was devastated, unable to pay rent, my car note and bills.

60. Unable to purchase food I had no recourse but to go to the Crisis center in "Charlotte, North Carolina to receive assistance to pay my electric bill and get food.

61. My car was repossessed and I was evicted from my home because Charter refused to accommodate my illness via ADA accommodation or short term disability.

62. I worked for Charter 5 years and 10 months, a fully vested employee with every intention of retiring from Charter.

63. I had no income and was forced to resign employment from charter so that I would be able to access my Time Warner pensions to survive.

64. Medical benefits were terminated while I was still under medical treatment.

65. At this point I had no choice but to return to Maryland to get assistance form my family and seek medical assistance, which I now have via Maryland State Medicaid.

66. Plaintiff filed Civil Complaint in DC District Court (told that I could file in D.C. per the EEOC Washington, D.C. headquarter office) where Charter has a large Government Affairs team that primarily does business in Washington, D.C.

67. The denial of my ADA accommodations resulted in devastation to my life.

68. I was disabled within the meaning of the ADAAA.

69. Charter's denial of my request for a reasonable accommodation to work from home violated the ADA.

70. Therefore, I am requesting the return of my pension, which I was forced to withdraw with full retirement maturity which would be approximately $25,000.00.

71. My car was repossessed due to the denial of my ADA and short term disability and owes a debt of $29,000.00 to General Motors.

72. My doctor bill had gone unpaid which is approximately $50,000.00-$75,000.00.

73. I also request damages to make my life whole again. My credit is no existent and without any income unable to support myself and completely reliant on my family.

74. I am requesting $250,000.00 - $500,000.00, (earnings I would have made till retirement) to get my life back on track and become whole. This amount would cover expenses and damages.

Dated: December 1, 2018

Respectfully submitted,

Nathaniel Cannon

10826 Smugglers Notch Ct

White Plains, MD 20695

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATHANIEL CANNON,<br><br>      Plaintiff,<br><br>        v.<br><br>CHARTER COMMUNICATIONS,<br><br>      Defendant. | Civil Action No. 18-624 (JEB) |

## ORDER

For the reasons set forth in the accompanying Memorandum Opinion, the Court

ORDERS that:

    1.  Defendant's Motion to Dismiss is GRANTED; and

    2.  The case is DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED.

                                 /s/ James E. Boasberg
                                 JAMES E. BOASBERG
                                 United States District Judge

Date:  November 15, 2018

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATHANIEL CANNON, | |
| **Plaintiff,** | |
| v. | Civil Action No. 18-624 (JEB) |
| CHARTER COMMUNICATIONS, | |
| **Defendant.** | |

### MEMORANDUM OPINION

*Pro se* Plaintiff Nathaniel Cannon brings this suit alleging that his former employer in North Carolina, Defendant Charter Communications, violated the Americans with Disabilities Act when it denied him the reasonable accommodation of working from home. In now moving to dismiss, Charter argues both that this Court has no personal jurisdiction over it and that the Amended Complaint does not sufficiently allege an ADA claim. Without needing to address the latter point, the Court will dismiss the case without prejudice as it has no basis to hale Charter into a District of Columbia court.

### I.      Background

As this Opinion concerns only jurisdiction, the Court will not linger on the particulars of Cannon's ADA claim. It sets forth the facts as alleged in both the Amended Complaint and the Opposition to Defendant's Motion to Dismiss. See ECF Nos. 10 (Amended Complaint), 16 (Opposition); Brown v. Whole Foods Market Group, Inc., 789 F.3d 146, 151-52 (D.C. Cir. 2015) (court should consider facts alleged in *pro se* plaintiff's opposition to motion to dismiss).

"Plaintiff worked at Charter Communications and [its predecessor] Time Warner Cable in Charlotte, North Carolina[,] from January 6, 2012[,] to October 16, 2017[,] beginning in the

1

position of Retention Representative and ending [in the] position [of] Order Management Scheduling Representative." Opp. at 3–4.  (As Plaintiff misnumbers the pages in his Opposition, the Court will rely on the ECF pagination.)  While there, he "developed additional chronic medical conditions," including "hypertension, obstructive sleep apnea[,] . . . [v]ertigo and Sinus Node Dysfunction with heart arrhythmia." Id. at 4.  After a surgery, he returned to work in September 2014 and requested the accommodation of working from home.  See Am. Compl., ¶¶ 4, 6.  He successfully did so for over two years, but following Time Warner's sale to Charter, his new employer terminated the work-from-home program, requiring Cannon to return to the office in 2017. Id., ¶¶ 13–15.  Feeling unable to perform the work in that environment, he "was forced to resign employment." Id., ¶ 63.  This suit followed, and Charter now moves for dismissal.

## II.     Legal Standard

Under Federal Rule of Civil Procedure 12(b)(2), a defendant may move to dismiss a suit if the court lacks personal jurisdiction over it.  The plaintiff bears the burden of establishing personal jurisdiction, FC Inv. Grp. LC v. IFX Mkts., Ltd., 529 F.3d 1087, 1091 (D.C. Cir. 2008), and its requirements "must be met as to each defendant." Rush v. Savchuk, 444 U.S. 320, 332 (1980).  In deciding whether the plaintiff has shown a factual basis for personal jurisdiction, courts resolve factual discrepancies in his favor.  See Crane v. N.Y. Zoological Soc'y, 894 F.2d 454, 456 (D.C. Cir. 1990).  When personal jurisdiction is challenged, "the district judge has considerable procedural leeway in choosing a methodology for deciding the motion." 5B Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1351 (3d ed. 2004).  The

2

court may rest on the allegations in the pleadings, collect affidavits and other evidence, or even hold a hearing.  Id.

**III.   Analysis**

There are two types of personal jurisdiction that a plaintiff may invoke: general and specific.  Each must meet the requirements of the Constitution's Due Process Clause.  See United States v. Ferrara, 54 F.3d 825, 828 (D.C. Cir. 1995).  Cannon here appears to rely exclusively on the former.

The Due Process Clause permits general jurisdiction when a non-resident defendant maintains sufficiently systematic and continuous contacts with the forum state, regardless of whether those contacts gave rise to the claim in the particular suit.  See Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414–15 (1984).  General jurisdiction is appropriate based on "only a limited set of affiliations with a forum," all of which are tantamount to Defendant's domicile.  See Daimler AG v. Bauman, 571 U.S. 117, 137 (2014).  For corporations, general jurisdiction may be asserted if the forum is one in which the corporation is "'fairly regarded as at home,'" which has been defined as generally being either its "place of incorporation" or its "principal place of business."  Id. (quoting Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 924 (2011)).

On this score, Cannon alleges that "Charter has a Government Affairs office in the District of Columbia conducting business on behalf of Charter Communications by Charter employees."  Opp. at 2.  That is insufficient, as it cannot be said that Defendant is "fairly regarded as at home" in the District.  See Daimler, 571 U.S. at 137–39 ("[T]he inquiry under Goodyear is not whether a foreign corporation's in-forum contacts can be said to be in some sense continuous and systematic, it is whether that corporation's affiliations with the State are so

3

continuous and systematic as to render [it] essentially at home in the forum State.") (internal quotations and citations omitted).  In fact, Charter avers that it "is a Delaware limited liability company . . . and has its principal executive offices . . . [in] Stamford, Connecticut." ECF 13-2 (Declaration of Bradley P. Nelson), ¶ 6.

In any event, even if Plaintiff could demonstrate that Defendant had sufficient contacts with the District, he still would not satisfy the service requirements of D.C. law.  A foreign defendant must be served "in the District" for the exercise of general jurisdiction.  See D.C. Code § 13-334(a).  "Where the basis for obtaining jurisdiction over a foreign corporation is § 13-334(a), . . . a plaintiff who serves the corporation by mail outside the District is 'foreclosed from benefitting from [the statute's] jurisdictional protection.'" Gorman v. Ameritrade Holding Corp., 293 F.3d 506, 514 (D.C. Cir. 2002) (quoting Everett v. Nissan Motor Corp., 628 A.2d 106, 108 (D.C. 1993)); see also Gowens v. Dyncorp, 132 F. Supp. 2d 38, 42 (D.D.C. 2001) (service at defendant's Virginia headquarters).  Here, it appears that Plaintiff did not serve Defendant in the District.  See ECF No. 5 (Service Affidavit).  The Court, consequently, may not exercise general jurisdiction over it via § 13-334(a).

Plaintiff does not argue that, in the alternative, specific jurisdiction could apply, and he is right to so abstain.  Specific jurisdiction permits a court to adjudicate those "issues deriving from, or connected with, the very controversy that establishes jurisdiction." Goodyear, 564 U.S. at 919 (citation omitted).  In other words, specific jurisdiction exists where a claim arises out of the non-resident defendant's contacts with the forum state.  There is no allegation here that Charter's failure to accommodate arose or had any connection with employees in its D.C. office.

As there is no basis for personal jurisdiction over Defendant, the Court will dismiss the case and permit Plaintiff to refile in a permissible court – e.g., one in North Carolina.

4

IV.     **Conclusion**

The Court will, accordingly, grant Defendant's Motion.  A separate Order consistent with this Opinion will issue this day.

/s/ James E. Boasberg
JAMES E. BOASBERG
United States District Judge

Date: November 15, 2018

5