**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:18-CV-657-FDW-DCK**

| | |
|---|---|
| NATHANIEL CANNON, | ) |
|        Plaintiff, | ) |
| v. | )   **ORDER** |
| CHARTER COMMUNICATIONS, | ) |
|        Defendant. | ) |

**THIS MATTER IS BEFORE THE COURT** regarding discovery and scheduling concerns. This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate.

Defendant's counsel recently contacted the undersigned's staff pursuant to the "Case Management Order" (Document No. 20, pp. 4-5). Defendant reports that the parties have a discovery dispute they are unable to resolve and request a telephone conference. Defendant suggests that *pro se* Plaintiff is reluctant to provide discovery responses and/or questions the deadline for such responses.

The undersigned is glad to assist the parties if needed; however, the parties are respectfully reminded that discovery is a necessary part of most litigation. The Federal Rules of Civil Procedure ("Fed.R.Civ.P.") provide that:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery

outweighs its likely benefit. Information within this scope of
discovery need not be admissible in evidence to be discoverable.

Fed.R.Civ.P. 26(b)(1).

The "Case Management Order" in this case allows each party to serve discovery requests including: 20 interrogatories; 20 requests for production; 20 requests for admission; and up to 20 hours of oral depositions. (Document No. 20, p. 2). Generally, discovery responses and/or objections are due **within thirty (30) days** of a party being served. See Fed.R.Civ.P. 33(b)(2) and 34(b)(2)(A). See also Fed.R.Civ.P. 30. *All* discovery in this case is currently required to "be commenced or served in time to be completed by **April 3, 2020**," unless the parties agree to extend that deadline and file a joint stipulation, or the Court otherwise grants an extension of that deadline. (Document No. 20, p. 20).

Based on the foregoing, the parties are directed to make one more good faith attempt to resolve the pending discovery dispute(s). If that effort is unsuccessful, either side may contact the undersigned's staff to request a telephone conference.

**IT IS, THEREFORE, ORDERED** that Defendant's request for an informal telephone conference is **DENIED WITHOUT PREJUDICE**. *Pro se* Plaintiff shall confer with Defendant's counsel on or before **March 4, 2020**, regarding the deadline for discovery responses and the scheduling of depositions.

The Clerk of Court is directed to send a copy of this Order to *pro se* Plaintiff by email at the address included in Document No. 1, p. 1, and by certified U.S. mail, return receipt requested.

**SO ORDERED**.

Signed: February 25, 2020

David C. Keesler
United States Magistrate Judge