UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:18-cv-00657-FDW-DCK

| | |
|---|---|
| NATHANIEL CANNON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) ORDER |
| vs. | ) |
| | ) |
| CHARTER COMMUNICATIONS, | ) |
| | ) |
| Defendant. | ) |

THIS MATTER is before the Court on Defendant's Motion to Dismiss (Doc. No. 9) seeking dismissal of the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff, who appears pro se, filed a Complaint in this matter, and Defendant timely filed the above referenced motion to dismiss. Following this Court's issuance of a notice of Plaintiff's right to respond (Doc. No. 10), Plaintiff submitted a response in opposition to the motion, including exhibits. (Doc. No. 11). Defendant subsequently replied. (Doc. No. 13).

Defendant's reply points out the supplemental allegations Plaintiff has set forth in his response to Defendant's motion to dismiss. The Court finds that under this record, an opportunity to amend the complaint – as opposed to dismissal – is more appropriate here. While Plaintiff is not entitled to amendment as a matter of course, the Federal Rules of Civil Procedure provide:

> (2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed.R.Civ.P. 15(a)(2).

Under Rule 15, amendment should be denied "only where it would be prejudicial, there has been bad faith, or the amendment would be futile." Nourison Rug Corporation v. Parvizian,

1

535 F.3d 295, 298 (4th Cir. 2008) (citing HCMF Corp. v. Allen, 238 F.3d 273, 276-77 (4th Cir. 2001); see also Foman v. Davis, 371 U.S. 178, 182 (1962). However, "the grant or denial of an opportunity to amend is within the discretion of the District Court." Pittston Co. v. U.S., 199 F.3d 694, 705 (4th Cir. 1999) (quoting Foman, 371 U.S. at 182). The Fourth Circuit's policy is to "liberally allow amendment." Adbul-Mumit v. Alexandria Hyundai, LLC, 896 F.3d 278, 293 (4th Cir. 2018) (quoting Galustian v. Peter, 591 F.3d 724, 729 (4th Cir. 2010)).

The Court sees no evidence of prejudice, bad faith, or futility to outweigh sufficient to outweigh the policy favoring granting leave to amend, particularly given Plaintiff's *pro se* status. In order to make clear the allegations that have been set forth over multiple documents, the Court directs Plaintiff to file, **within fourteen (14) days** of the entry of this order, a new, complete Amended Complaint that includes all remaining claims and allegations against Defendant Schneider only.

In light of allowing this amendment, the Court DENIES AS MOOT Defendant's Motion to Dismiss. Young v. City of Mount Ranier, 238 F.3d 567, 573 (4th Cir .2001) (As a general rule, "an amended pleading ordinarily supersedes the original and renders it of no legal effect." (citation omitted); see also Hall v. Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am., UAW, 2011 WL 4014315, at *1 (W.D.N.C. June 21, 2011) (citing Colin v. Marconi Commerce Sys. Emps.' Ret. Plan, 335 F.Supp.2d 590, 614 (M.D.N.C. 2004). This ruling is without prejudice to Defendant to reassert its arguments, if applicable, in a subsequent motion to dismiss or at summary judgment.

IT IS THEREFORE ORDERED that Plaintiff shall have until March 17, 2020, to file an Amended Complaint. Plaintiff is cautioned that **absent extraordinary circumstances, no further**

**amendments to the complaint are likely to be allowed. Failure to comply with these directives could result in summary dismissal of the claims.**

IT IS ALSO ORDERED that Defendant's Motion to Dismiss (Doc. No. 9) is DENIED AS MOOT without prejudice to reassert any applicable arguments in a subsequent dispositive motion.

IT IS SO ORDERED.

Signed: March 3, 2020

Frank D. Whitney
Chief United States District Judge