# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:18-CV-657-FDW-DCK

| | |
|---|---|
| NATHANIEL CANNON, | ) |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| CHARTER COMMUNICATIONS, | ) |
| Defendant. | ) |

**THIS MATTER IS BEFORE THE COURT** regarding discovery and scheduling concerns. This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate.

Defendant's counsel recently contacted the undersigned's staff pursuant to the "Case Management Order" (Document No. 20, pp. 4-5). Defendant reports that the parties continue to be unable to resolve discovery dispute(s), and Defendant requests a telephone conference. See (Document No. 21).

The undersigned has carefully considered Defendant's request and the status of the case, as well as other factors currently impacting efficient case management and judicial economy. Under all the circumstances, the Court will again respectfully decline to hold a telephone conference in this matter. The undersigned remains hopeful the parties might still be able to resolve their discovery dispute; if not, Defendant may file a motion to compel.

As noted in a previous Order:

> discovery is a necessary part of most litigation. The Federal Rules of Civil Procedure ("Fed.R.Civ.P.") provide that:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

(Document No. 21) (quoting Fed.R.Civ.P. 26(b)(1)).

The parties, including *pro se* Plaintiff, are expected to proceed with this lawsuit in accordance with the Federal Rules of Civil Procedure, the Local Rules of this Court, and the "Case Management Order" (Document No. 20). "[T]he Court expects all parties (and counsel) to attempt in good faith to resolve discovery disputes without the necessity of court intervention." (Document No. 20, p. 4).

The undersigned notes that a document was recently returned to the Court as "undeliverable" by certified U.S. mail. See (Document No. 32) (citing Document No. 21). Mr. Cannon is directed to confirm that his contact information with the Court is accurate.

**IT IS, THEREFORE, ORDERED** that Defendant's second request for an informal telephone conference is **DENIED**.

The Clerk of Court is directed to send a copy of this Order to *pro se* Plaintiff at the email address scorp6578@yahoo.com, **and** by certified U.S. mail, return receipt requested.

**SO ORDERED**.

_____
David C. Keesler
United States Magistrate Judge