UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:18-cv-00657-FDW-DCK

| | |
|---|---|
| NATHANIEL CANNON, ) </br> ) </br> Plaintiff, ) </br> ) </br> vs. ) </br> ) </br> ) </br> CHARTER COMMUNICATIONS, LLC ) </br> ) </br> Defendant. ) </br> ) </br> ) | ORDER |

THIS MATTER is before the Court upon Defendant's Motion to Dismiss (Doc. No. 30) Plaintiff's Amended Complaint (Doc. No. 29), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Because Plaintiff appears *pro se*, the Court issued a Roseboro notice (Doc. No. 34) informing Plaintiff of the burden he carries in responding to Defendant's Motion. Plaintiff has responded (Doc. No. 36), and Defendant has replied to Plaintiff's response (Doc. No. 37). This matter is now ripe for review. For the following reasons, this Court DENIES Defendant's Motion.

### I. BACKGROUND

According to the Amended Complaint, in August 2014, Plaintiff was diagnosed with "hypertension, severe sleep apnea, vertigo a[nd] heart arrhythmia" while working for Time Warner Cable ("TWC"). (Doc. No. 29, p. 3). Plaintiff alleges that in September 2014, Plaintiff's condition "became critical" and he underwent emergency surgery to insert a pacemaker. Id. Plaintiff additionally alleges he has suffered from symptoms of "sleepiness, dizziness, anxiety, depression, hypertension, and vertigo [which has] affected his concentration, mood, attitude, and walking in the workplace. (Id. at 4).

According to the Complaint, TWC accommodated Plaintiff's conditions for approximately 2.5 years by allowing him to work-from-home and approving him for leave under the Family Medical Leave Act ("FMLA") every six months. (Id. at 3-4). After Defendant and TWC merged in May 2016, Plaintiff continued working from home via TWC's approved ADA accommodation. (Id. at 4). Plaintiff contends that in February 2017, Defendant informed him it was discontinuing the work-from-home program and that "all 'work from home' employees were to return to their workplace." Id.

In March 2017, Plaintiff raised concerns with his manager about needing to work-from-home as an American's with Disabilities Act ("ADA") accommodation. (Id. at 5). Plaintiff then followed his manager's instruction to re-apply for the same accommodation he had with TWC with Sedgwick, Defendant's third-party disability and leave of absence management vendor. Id. Plaintiff submitted his ADA accommodation request via Sedgwick on March 9, 2017. (Id.; Doc. No. 29-3). In connection with his accommodation request, Plaintiff submitted medical paperwork that his physician completed. (Doc. No. 29, p. 5; Doc. No. 29-1). In April 2017, a Sedgwick representative called Plaintiff and asked him to "contact [his] doctor and ask for workplace accommodation." Id. Plaintiff provided Sedgwick with a signed medical release authorizing Sedgwick to discuss his medical condition as well as his medical needs directly with his doctor. (Doc. No. 29, p. 6).

Defendant denied Plaintiff's ADA request to work-from-home on June 23, 2017. (Id. at 7). On July 20, 2017, Plaintiff received a letter from Defendant stating, among other things: (1) he had to return to the office by August 11, 2017, or seek short term disability; (2) Defendant wanted to "continue to build their team culture . . . which require[d] on-site availability for ad hoc meetings, training, informal process updates and employee huddles;" and (3) Defendant was "willing to

discuss with [Plaintiff] any other potential reasonable accommodation that would allow [him] to perform the essential functions of [his] job at the work location." (Doc. No. 29-5). In August 2017, Plaintiff returned to work for two weeks, contends he was unable to continue working, and as a result, he resigned and chose to pursue short term disability. (Doc. No. 29 at p. 8-9).

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides that a complaint may be dismissed for failure to state a claim upon which relief may be granted. As a general matter, a motion to dismiss under Rule 12(b)(6) should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). When analyzing whether to grant a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. Id. (citing De Sole v. United States, 947 F.2d 1169, 1171 (4th Cir. 1991)).

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint without resolving contests of fact or the merits of a claim. Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Circ. 1992), cert. denied, 510 U.S. 828 (1993). To be legally sufficient, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain "enough facts to state a claim that is plausible on its face" to survive a motion to dismiss under Rule 12(b)(6). Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is responsible for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556).

"When considering a motion to dismiss involving *pro se* parties, the court construes the pleadings liberally to ensure that valid claims do not fail merely for lack of legal specificity." Brown v. Charlotte Rentals LLC, No. 3:15-cv-0043-FDW-DCK, 2015 WL 4557368, at *2 (W.D.N.C. July 28, 2015) (citing Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978)).  At the same time, however, the Court should not "assume the role of advocate for the pro se plaintiff." Gordon, 574 F.2d at 1151 (quotation omitted).

### III. ANALYSIS

#### A. Plaintiff's Failure-to-Accommodate Claim

Plaintiff claims Defendant failed to provide a reasonable accommodation for his disability, in violation of the Americans with Disabilities Act ("ADA"). (Doc. No. 29); 42 U.S.C. §§ 12101 – 12213.  The ADA prohibits discrimination "against qualified individual on the basis of disability in regard to . . . terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a).  To state a claim against an employer for failure-to-accommodate under the ADA, a plaintiff must plausibly allege "(1) that he was an individual who had a disability within the meaning of the statute; (2) that the employer had notice of his disability; (3) that with reasonable accommodation he could perform the essential functions of the position; and (4) that the employer refused to make such accommodations." Wilson v. Dollar Gen. Corp., 717 F.3d 337, 345 (4th Cir. 2013) (internal quotation marks, citations, and alterations omitted).

Plaintiff alleges: (1) he suffers from a plethora of ailments including, but not limited to, "hypertension, severe sleep apnea, vertigo a[nd] heart arrhythmia," and that these conditions impact major life activities, namely, his ability to sleep, concentrate, walk, see, and work (Doc. No. 29, p. 2-3; Doc No. 29-1); (2) Defendant had notice of his disabilities (Doc. No. 29, p. 5; Doc. No. 29-1; Doc. No. 29-3); (3) He could perform the essential functions of his position with a

reasonable accommodation (Doc. No. 29, p. 3, 7); and (4) Defendant refused to make an accommodation for his disabilities. (Doc. No. 30-1, p. 5-6). Defendant does not specifically challenge the first three elements of Plaintiff's failure-to-accommodate claim; however, Defendant seeks dismissal arguing Plaintiff does not successfully allege the fourth element. (Doc. No. 30-1).

The ADA requires an employer to "make reasonable accommodations for . . . an employee's disability." EEOC v. Fed. Express Corp., 513 F.3d 360, 371 (4th Cir. 2008); See 42 U.S.C. § 12112(b)(5)(A). Both the courts and the federal regulations implementing the ADA recognize that the ADA contemplates an "interactive process," through which both the employer and the employee seek to identify a reasonable accommodation of the employee's disability. See 29 C.F.R. § 1630.2(o)(3); Haneke v. Mid-Atlantic Capital Mgmt., 131 Fed. Appx. 399, 400 (4th Cir. 2005). The Fourth Circuit has recognized the ADA imposes upon employers a duty to act in good-faith while engaging with their employees in the interactive process. Jacobs v. N.C. Admin. Office of the Courts, 780 F.3d 562, 581 (4th Cir. 2015) (quoting Wilson, 717 F.3d at 346). This good-faith duty is "triggered when an employee communicates her disability and desire for an accommodation—even if the employee fails to identify a specific, reasonable accommodation." Id. However, if an employer engages in the interactive process with good faith and the desire to discuss an alternative reasonable accommodation, but "the employee fails to cooperate in the process, then the employer cannot be held liable under the ADA for failure to provide reasonable accommodations." Allen v. City of Raleigh, 140 F. Supp. 3d 470, 483 (E.D.N.C. 2015).

Defendant argues Plaintiff caused the interactive process to "[break] down" by failing to engage with Defendant after his initial work-from-home accommodation request was denied. (Id. at 6). Additionally, Defendant contends Plaintiff's admitted refusal to consider any accommodation other than his preferred accommodation dooms his claim as a matter of law

because Defendant is not required to provide Plaintiff with his preferred accommodation. (Doc. No. 30-1, p. 7).

Defendant's arguments fail at this stage and are more appropriate in a motion for summary judgement following discovery. Here, Plaintiff's Amended Complaint acknowledges Defendant "would engage in the interactive process after they . . . denied [his initial] accommodation request" but alleges Defendant made no further efforts to provide an alternative accommodation after the denial. (Doc. No. 29, p. 6, 8). Plaintiff states he initiated the interactive process by filing a claim with Sedgwick, but Defendant ultimately failed to make an accommodation for him in the workplace. (Id. at 6). Plaintiff asserts he was willing to engage in the interactive process to come up with an alternative accommodation but he "was at a disadvantage [of] not knowing what the [Defendant] could offer as an alternative accommodation." Id. Additionally, Plaintiff states he provided Defendant with his medical information and signed a medical release allowing Defendant to speak with Plaintiff's doctor regarding a viable accommodation. Id. Thus, Plaintiff plausibly alleges element four of his failure-to-accommodate claim.

Construing the Amended Complaint liberally and in the light most favorable to Plaintiff, Plaintiff has asserted minimally sufficient allegations to withstand Defendant's Motion to Dismiss.

## IV. CONCLUSION

IT IS THEREFORE ORDERED, Defendant's Motion to Dismiss (Doc. No. 30) is DENIED.

IT IS SO ORDERED.

Signed: June 12, 2020

Frank D. Whitney
United States District Judge