IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:18-CV-657-FDW-DCK

| | |
|---|---|
| NATHANIEL CANNON, | ) |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| CHARTER COMMUNICATIONS, | ) |
| Defendant. | ) |

**THIS MATTER IS BEFORE THE COURT** regarding "Defendant's Motion To Compel Discovery Responses And Document Production" (Document No. 44) filed July 22, 2020. This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and is ripe for review.

## STANDARD OF REVIEW

Rule 26 of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed.R.Civ.P. 26(b)(1). The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979); and Hickman v. Taylor, 329 U.S. 495, 507 (1947). However, a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." Fed.R.Civ.P. 26(c)(1).

Whether to grant or deny a motion to compel is generally left within a district court's broad discretion.  See <u>Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.</u>, 43 F.3d 922, 929 (4th Cir. 1995) (denial of motions to compel reviewed on appeal for abuse of discretion); <u>Erdmann v. Preferred Research Inc.</u>, 852 F.2d 788, 792 (4th Cir. 1988) (noting District Court's substantial discretion in resolving motions to compel);  and <u>LaRouche v. National Broadcasting Co.</u>, 780 F.2d 1134, 1139 (4th Cir. 1986) (same).

> If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

Fed.R.Civ.P. 37(a)(5)(A).

## DISCUSSION

"Defendant's Motion To Compel Discovery…" asserts that "[a]fter *five months* of at least *seven conferrals*, Plaintiff Nathaniel Cannon ("Plaintiff") has altogether *refused* to participate in discovery."  (Document No. 44, p. 1).  As of the filing of its motion in July 2020, Defendant notes that Plaintiff had only produced four (4) documents and had failed to produce complete interrogatory responses;  moreover, Plaintiff had "not turned over a single record related to his finances, income, mitigation efforts, subsequent employment, EEOC charge, or lawsuit against Charter's short-term disability plan."  <u>Id.</u>  Defendant Charter Communications ("Defendant" or "Charter") had served *pro se* Plaintiff with its Interrogatories and Requests for Production of Documents on January 6, 2020.  (Document No. 44-1, p. 2).

Defendant's motion requests that Plaintiff be compelled to provided verified supplemental responses to Interrogatory Nos. 4, 8-9, and 13-14, and to pay Defendant's fees and costs incurred in bringing this motion.  (Document No. 44-1, p. 11).

"Plaintiff's Response…" asserts that he has not refused to participate in discovery, but "does admit to deficiencies in responses to Defendants Discovery and Document Production." (Document No. 50, p. 1). *Pro se* Plaintiff contends that he misunderstood discovery procedure and "missed deadlines due to lack of understanding the original schedule deadlines." (Document No. 50, p. 2). Plaintiff's brief further states that he "will have all documents" mailed to Defendant's counsel "no later than August 14, 2020," including financial records for the past three (3) years and appropriate answers to the allegedly incomplete interrogatory responses. Id.

"Defendant's Reply…" argues that Plaintiff has still "failed to produce documents to which he has a *legal right to obtain on demand*, such as financial records, records from subsequent employers, etc." (Document No. 53, pp. 1-2). Defendant also contends that Plaintiff's response to Interrogatory No. 4 is still deficient. (Document No. 53, p. 2). Defendant also argues that despite Plaintiff's belated discovery production, its costs and fees should still be awarded because Plaintiff ignored his obligations. Id.

Defendant asserts that Plaintiff should still be compelled to provide: (1) more information related to his "post-resignation income sufficient to show his mitigation efforts and purported damages," including W-2 forms and other income records since 2017, and his 2020 wage statements from Wal-Mart; (2) documents related to his employment search and mitigation efforts and any offers of employment; and (3) contact information for *all* the individuals identified in his response to Interrogatory No. 4. See (Document No. 53, pp. 3-6).

In a surreply brief, Plaintiff has agreed to send supplemental documents as they become available. (Document No. 56, p. 4).

An Order issued **on February 25, 2020**, stated that the "undersigned is glad to assist the parties if needed; however, the parties are respectfully reminded that discovery is a necessary part of most litigation." (Document No. 21). The undersigned further addressed Plaintiff's purported confusion and/or reluctance to provide timely and complete discovery responses as follows:

> The Federal Rules of Civil Procedure ("Fed.R.Civ.P.") provide that:
>
>> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.
>
> Fed.R.Civ.P. 26(b)(1).
>
> The "Case Management Order" in this case allows each party to serve discovery requests including: 20 interrogatories; 20 requests for production; 20 requests for admission; and up to 20 hours of oral depositions. (Document No. 20, p. 2). Generally, discovery responses and/or objections are due **within thirty (30) days** of a party being served. See Fed.R.Civ.P. 33(b)(2) and 34(b)(2)(A). See also Fed.R.Civ.P. 30. *All* discovery in this case is currently required to "be commenced or served in time to be completed by **April 3, 2020**,"

(Document No. 21). See also (Document No. 33) (quoting Document No. 20) ("The parties, including *pro se* Plaintiff, are expected to proceed with this lawsuit in accordance with the Federal Rules of Civil Procedure, the Local Rules of this Court, and the 'Case Management Order' . . . '[T]he Court expects all parties (and counsel) to attempt in good faith to resolve discovery disputes without the necessity of court intervention.'").

Based on the foregoing guidance issued in February 2020, the undersigned is not convinced that Plaintiff misunderstood his discovery obligations or was otherwise unable to provide appropriate responses before August 2020. Rather, it appears that Defendant (and the Court) have been helpful, lenient, and patient regarding *pro se* Plaintiff's participation in discovery.

In short, the undersigned finds Defendant's arguments and cited authority to be persuasive here. In addition, as noted above, Plaintiff has acknowledged his responses were deficient. Some challenges and misunderstanding as a *pro se* Plaintiff are understandable, but the delayed discovery production in this case is unacceptable and has caused unnecessary expense to Defendant. Moreover, the undersigned finds that the discovery requested by Defendant is appropriate and proportional to the needs of the case. As such, the undersigned will direct Plaintiff to supplement his discovery responses as requested by Defendant, to the extent he can personally locate such information and/or demand it from other sources.

At this time, the Court will defer ruling on Defendant's request for costs and fees related to its motion to compel. Defendant may renew its request with the filing of a motion that describes in detail the reasonable costs and fees it seeks *after* the Court has ruled on all pending discovery motions and discovery has been completed.

**IT IS, THEREFORE, ORDERED** that "Defendant's Motion To Compel Discovery Responses And Document Production" (Document No. 44) is **GRANTED**. *Pro se* Plaintiff shall provide supplemental discovery responses on or before **December 7, 2020**. See (Document No. 53, pp. 3-6).

The Clerk of Court is directed to send a copy of this Order to *pro se* Plaintiff by email at the address scorp6578@yahoo.com **and** by certified U.S. mail, return receipt requested.

**SO ORDERED**.

Signed: November 19, 2020

David C. Keesler
United States Magistrate Judge