# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL ACTION NO. 3:18-CV-657-FDW-DCK

| | |
|---|---|
| NATHANIEL CANNON, | ) |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| CHARTER COMMUNICATIONS, | ) |
| Defendant. | ) |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion To Compel Defendant To Provide Documentation Requested From Plaintiff Relevant To Claim" (Document No. 59) filed November 17, 2020. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion and the record, the undersigned will deny the motion.

## BACKGROUND

Nathaniel Cannon ("Cannon" or "Plaintiff") initiated this action with the filing in this Court of a *pro se* "Complaint For Employment Discrimination" on December 11, 2018, against Charter Communications ("Charter" or "Defendant"). (Document No. 1). Plaintiff's Complaint alleges that Charter discriminated against him during Plaintiff's employment with Charter by failing to accommodate his disability, thus violating the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12112 to 12117. This Court issued an order on January 14, 2019 granting Plaintiff's motion to proceed *in forma pauperis*. (Document No. 3).

Defendant filed a "Motion To Dismiss Plaintiff's Complaint" pursuant to Fed.R.Civ.P. 12(b)(6) on October 28, 2019. (Document No. 9, p. 1). After Plaintiff filed a response to the

motion to dismiss (Document No. 11) and Defendant filed a reply to the response (Document No. 13), The Honorable Frank D. Whitney issued an amended order on March 4, 2020 denying the Defendant's "Motion To Dismiss Plaintiff's Complaint" as moot without prejudice. (Document No. 24). In the order, the Court granted Plaintiff fourteen days from the date of the order to file an Amended Complaint in light of "the supplemental allegations Plaintiff has set forth in his response to Defendant's motion to dismiss." Id. at p. 1. As the Court stated, Plaintiff was directed to file an Amended Complaint "[i]n order to make clear the allegations that have been set forth over multiple documents." Id. at p. 2. Plaintiff filed the Amended Complaint on March 18, 2020. (Document No. 29).

Defendant filed a "Motion To Dismiss Plaintiff's Amended Complaint" pursuant to Fed.R.Civ.P. 12(b)(6) on March 31, 2020 (Document No. 30), to which Plaintiff responded on April 24, 2020 (Document No. 36). Defendant filed a reply to Plaintiff's response to the motion to dismiss the Amended Complaint on May 4, 2020. (Document No. 37). The Honorable Frank D. Whitney issued an order denying Defendant's "Motion To Dismiss Plaintiff's Amended Complaint" on June 12, 2020. (Document No. 42).

The Court granted "Defendant's Third Motion To Extend Discovery Period And Amend Scheduling Order" on July 28, 2020. (Document No. 47). The amended—and current—case deadlines included: expert reports – November 9, 2020; discovery completion – November 30, 2020; mediation report – December 6, 2020; dispositive motions – December 16, 2020; and trial term – March 1, 2021. Id. at p. 1.

Defendant previously filed a "Motion To Compel Discovery Responses And Document Production" (Document No. 44) on July 22, 2020, which the Court granted on November 20, 2020 (Document No. 60). In the order, the undersigned directed Plaintiff to "provide supplemental

discovery responses" on or before December 7, 2020. Id. at p. 5. The Court's order found that although "[s]ome challenges and misunderstanding as a *pro se* Plaintiff are understandable, [] the delayed discovery production in this case is unacceptable and has caused unnecessary expense to Defendant," particularly where "the discovery requested by Defendant is appropriate and proportional to the needs of the case." Id.

On November 17, 2020, Plaintiff filed the pending "Motion To Compel Defendant To Provide Documentation Requested From Plaintiff Relevant To Claim." (Document No. 59). "Defendant's Opposition To Plaintiff's Motion To Compel Discovery" was filed on November 30, 2020. (Document No. 61). Plaintiff failed to file a reply brief or notice of intent not to reply, as required by Local Rule 7.1(e). Thus, this motion is now ripe for review and disposition.

## STANDARD OF REVIEW

Rule 26 of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed.R.Civ.P. 26(b)(1). The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979); and Hickman v. Taylor, 329 U.S. 495, 507 (1947). However, a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." Fed.R.Civ.P. 26(c)(1).

Whether to grant or deny a motion to compel is generally left within a district court's broad discretion. See Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th

3

Case 3:18-cv-00657-FDW-DCK   Document 78   Filed 02/16/21   Page 3 of 9

Cir. 1995) (denial of motions to compel reviewed on appeal for abuse of discretion); Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988) (noting District Court's substantial discretion in resolving motions to compel); and LaRouche v. National Broadcasting Co., 780 F.2d 1134, 1139 (4th Cir. 1986) (same).

**DISCUSSION**

Plaintiff's "Motion To Compel Defendant To Provide Documentation Requested From Plaintiff Relevant To Claim" requests that the Court compel Defendant Charter to respond to a revised version of his Requests for Production ("RFP") of documents, request number 20. (Document No. 59). More specifically, in the pending motion, Plaintiff seems to acknowledge that he is not requesting that the Court compel Defendant to respond to his original document request no. 20 dated January 17, 2020, but rather he is seeking to compel Defendant to respond to his *revised* email request of October 5, 2020. Id. at p. 3.[1] Plaintiff asserts that "[a] good faith effort has been made via phone conversation in March and emails during the interim as recently as October 5, 2020 asking for such documents." Id. at p. 2. As set forth in full in the Defendant's response in opposition, original RFP no. 20 requests that the Defendant:

> Produce any and all documents, notes, writings, and communication, electronic information listing all employee requests or (claims) [sic] for ADA (American Disability Act [sic]) accommodations from January 1, 2014 through the date of this response.

(Document No. 61, p. 2).

However, on September 8, 2020 – as Plaintiff explicitly acknowledges – he revised that RFP (although not formally but rather in an email), now requesting instead "stats/data from

---

[1] Notably, attachments to Defendant's response in opposition to Plaintiff's motion showing emails exchanged between the parties indicate that Plaintiff made the revised request in an email dated September 8, 2020. (Document No. 61-1, p. 9).

4

Defendant pertaining to Defendants [sic] employee [sic] request [sic] for ADA (American Disability Act [sic]) and WFH program (Work from Home Program)." (Document No. 59, p. 2). Plaintiff proceeds to clarify that he is asking in this revised request for documents showing the "number of requests, number of denials and approvals as well as [] Charters [sic] processes determining final decisions of such request [sic]." Id. Plaintiff sent another email on November 9, 2020 requesting those documents, and Defendant is allegedly refusing "to provide such information." Id. at p. 3.

Defendant in opposition makes several arguments supporting its position that the Court should deny the Plaintiff's motion to compel. (Document No. 61). As an important note at the outset, Defendant's brief indicates that they did already "produce documents related to any request *Plaintiff* made for an ADA accommodation," as so indicated in Defendant's response to Plaintiff's RFP. Id. at p. 3 (emphasis added). Moreover, email attachments to Defendant's brief indicate that Defendant "already produced documents responsive to" the request concerning documents about the "Plaintiff's March 2017 ADA request," including "all documents within its possession, custody, and control." (Document No. 61-1, p. 7); (Document No. 61-2, p. 4).

Defendant's first argument is that Plaintiff's motion to compel "is untimely and [] Plaintiff failed to comply with the Court's Case Management Order (D.E. 20), which required Plaintiff to confer with Charter and request an informal telephonic conference with Magistrate Judge Keesler within 14 days after the discovery dispute arose." (Document No. 61, p. 1). Defendant contends that such 14-day period lapsed on March 5, 2020, given that "any dispute regarding Charter's response to Plaintiff's Request No. 20 arose on February 19, 2020, when Charter served that response on Plaintiff." Id. at p. 5. Thus, the failure to "schedule and submit to an informal telephonic conference" with the Court within the 14-day period running from February 19, 2020

5

"dooms [Plaintiff's] Motion at the outset." Id. at pp. 4-5 (citing paragraph 1(i) of the Case Management Order, Document No. 20, pp. 4-5).

The second argument Defendant makes for why the Court should deny the motion is that "Plaintiff's proposed 'revision[]'…was not remotely responsive to or sought by Request No. 20." (Document No. 61, p. 6). His request for "the *number* of individuals who requested any ADA accommodations over the past six years, the number of same who were granted or denied such a request, and the number of employees currently working from home due to the pandemic" constitutes information sought that "was not requested in his Document Request No. 20 upon which his motion is based." Id. at pp. 1, 6. Email attachments to Defendant's response brief indicate that Plaintiff sent the revised request through email on September 8, 2020, and Defendant's counsel responded via email on September 14, 2020, pointing out to Plaintiff that "to the extent your email [] is an attempt to propound additional requests for documents, it is insufficient and of no effect [because] [d]iscovery must be propounded pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure and served through the proper channels." (Document No. 61-1, pp. 8-9). Furthermore, Defendant contends that even the revised set of information sought would be "irrelevant" to Plaintiff's lawsuit, for "accommodations requested, afforded, or denied to *other* employees and the propriety of those decisions turn on facts unique to each situation, making the information Plaintiff seeks irrelevant" and "unduly burdensome." (Document No. 61, p. 7).

Third and finally, Defendant argues that as to Plaintiff's original RFP no. 20, the request is "overbroad, unduly burdensome, and an invasion of employee privacy." Id. at p. 2. Defendant also makes clear in its response to Request No. 20 that the request is objectionable on the aforementioned bases, in addition to being "disproportional to the needs of the case, and [it] seeks

6

Case 3:18-cv-00657-FDW-DCK   Document 78   Filed 02/16/21   Page 6 of 9

documents that are irrelevant and immaterial to the subject matter of the pending litigation." Id. at p. 5. Defendant highlights that Plaintiff's request was "unlimited in scope," seeking "ADA accommodation paperwork for 'every employee who has ever requested an ADA accommodation during the last six years.'" Id. Furthermore, the request sought "highly-personal medical information, the disclosure of which would constitute an invasion of privacy of those individuals and a potential violation of the ADA's confidentiality provisions." Id. at p. 6.

The undersigned is persuaded by Defendant's arguments that Plaintiff's motion to compel should be denied. First, as Defendant makes clear, Plaintiff's motion should be denied on purely procedural grounds. The "Case Management Order" in this action indicates that the parties should first "attempt in good faith to resolve discovery disputes without the necessity of court intervention." (Document No. 20, p. 4). However, where such good faith conferral fails, "the parties are *required*, within *fourteen (14) calendar days after a discovery dispute arises*, to schedule and submit to an informal telephonic conference before the referral magistrate judge." Id. at pp. 4-5 (emphasis added). Footnote 3 to the "Case Management Order" indicates that "failure to timely submit to this procedure will result in the objection being deemed waived." Id. at p. 5. The discovery dispute arose on February 19, 2020, when Charter responded to Plaintiff's RFPs. The two-week period for conferring with Defendant, and failing resolution of the dispute, thereafter seeking court intervention by way of telephonic conference with the undersigned magistrate judge, has clearly passed. Thus, Plaintiff's motion should be denied because it is untimely.

Notwithstanding Plaintiff's waiver of his objection to Charter's document production given the expiration of the time limit for objections, the undersigned will note that both Plaintiff's original request no. 20 and the "revised" request set forth in the September 8, 2020 email

7

(procedurally deficient, as explained below) (see Document No. 61-1, p. 9) fall outside the bounds of Federal Rule of Civil Procedure 26(b)(1) given the requests' overbreadth and disproportionality, questionable relevance to Plaintiff's individual lawsuit, and the high burden that responding to such requests would impose upon Defendant. Importantly, Defendant has already produced documents relevant to Plaintiff's individual 2017 request for an accommodation under the ADA, which of course are relevant and proportional to the case and thus fall within the scope of permissible discovery sought pursuant to Fed.R.Civ.P. 26(b)(1). However, to require that Charter produce documents about *all* employee requests for accommodation under the ADA from 2014-2020 (per Plaintiff's original request no. 20) is undoubtedly overly broad, disproportional to the needs of Plaintiff's individual lawsuit, and exceedingly burdensome. So, too, is the "revised" request for statistics concerning numbers of employees over a six-year time frame who requested ADA accommodations and numbers of those employees granted or denied such requests overly broad and unduly burdensome. Statistics concerning the number of employees working from home because of the pandemic are not relevant to Plaintiff's case, where the issue concerns whether Charter failed to accommodate a disability under the ADA.

Finally, the Court will point out that Federal Rule of Civil Procedure 33 and 34 govern service of interrogatories and requests for document production, respectively. Revising a request for production in an email between the parties does not comply with the Federal Rules, which require formal discovery requests be served upon the other party. See Grant v. Wachovia Mortg. FSB, 2009 WL 10667045, at *1 (S.D. Fla. May 14, 2019) ("[i]nformal requests for production lie outside the boundaries of the discovery rules…[t]o treat correspondence between counsel as formal requests for production under Rule 34 would create confusion and chaos in discovery") (citing Sithon Maritime Co. v. Mansion, 1998 WL 182785, at *2 (D. Kan. Apr. 10, 1998));

Firestone v. Hawker Beechcraft Int'l Serv. Co., 2012 WL 359877, at *3-*4 (D. Kan. Feb. 2, 2012) (same).

**IT IS, THEREFORE, ORDERED** that Plaintiff's "Motion To Compel Defendant To Provide Documentation Requested From Plaintiff Relevant To Claim" (Document No. 59) is **DENIED**.

The Clerk of Court is directed to send a copy of this Order to *pro se* Plaintiff by email at the address scorp6578@yahoo.com **and** by certified U.S. mail, return receipt requested.

**SO ORDERED.**

Signed: February 16, 2021

David C. Keesler
United States Magistrate Judge