UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:18-cv-00657-FDW-DCK

| | |
|---|---|
| NATHANIEL CANNON, | )<br>) |
| Plaintiff, | )<br>) |
| vs. | ) NOTICE and ORDER<br>)<br>) |
| CHARTER COMMUNICATIONS, | )<br>)<br>) |
| Defendant. | ) |

THIS MATTER is before the Court *sua sponte,* following the filing of Defendant's Motion For Summary Judgment (Doc. No. 65) pursuant to Rule 56 of the Federal Rules of Civil Procedure. In accordance with the principles set forth in Roseboro v. Garrison,[1] the Court advises Plaintiff, who is proceeding *pro se*, of the burden he carries in responding to Defendant's motion. The Court also advises Plaintiff that failure to respond may result in dismissal of the complaint or judgment entered in favor of Defendant.

In light of the issuance of this Roseboro Notice and the allowance of additional briefing, the Court GRANTS Defendant's Motion to Strike (Doc. No. 82). Plaintiff's documents (Doc. No. 80, 81) shall be STRICKEN; however, Plaintiff may resubmit his arguments and exhibits as part of his supplemental response allowed as a result of this Roseboro Notice, so long as Plaintiff complies with the word count limit for the briefing provided below.

---

[1] See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) ("We agree with the plaintiff, however, that there is another side to the coin which requires that the plaintiff be advised of his right to file counter-affidavits or other responsive material and alerted to the fact that his failure to so respond might result in the entry of summary judgment against him."); see also Norman v. Taylor, 25 F.3d 1259, 1261 (4th Cir. 1994) ("In Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), this circuit held that pro se plaintiffs must be advised that their failure to file responsive material when a defendant moves for summary judgment may well result in entry of summary judgment against them.").

## Motion For Summary Judgment

Defendant moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, which states in section (a) of Rule 56: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(c) provides the procedures for parties to make motions for summary judgment, as well as the procedures for opposing such motions:

> (1) Supporting Factual Positions. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
> (2) Objection That a Fact Is Not Supported by Admissible Evidence. A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.
> (3) Materials Not Cited. The court need consider only the cited materials, but it may consider other materials in the record.
> (4) Affidavits or Declarations. An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

This language means that if Plaintiff has any evidence to offer to show that there is a genuine dispute as to any material fact for trial, he must now present it to this Court in a form which would otherwise be admissible at trial, for example, exhibits, affidavits, or unsworn declarations. An affidavit is a written statement sworn before a notary public. Unsworn statements, made and signed under the penalty of perjury, may also be submitted. Plaintiff should also be aware that under Rule 56(e), "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact

undisputed for purposes of the motion; [or] grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it . . . ." Fed. R. Civ. P. 56(e)(2-3).

**Deadline to Respond**

Plaintiff has already responded to Defendant's Motion for Summary Judgment (Doc. No. 69); however, in light of the requirements under Roseboro, the Court hereby EXTENDS the time to allow Plaintiff an opportunity to supplement his response, if he so chooses, in light of the Court's notice here of the burden Plaintiff carries in responding to the motion under Rule 56 of the Federal Rules of Civil Procedure. The Court notes this extension to allow a supplement should not be construed as an indication as to the sufficiency of Plaintiff's response and materials already submitted to the Court. The Court will review all the materials collectively once this motion is ripe.

IT IS THEREFORE ORDERED that **Plaintiff shall have fourteen (14) calendar days from the date of this Order, or until March 18, 2021, to file a supplement,** if any, to his response to Defendant's Motion for Summary Judgment in light of the above standards. Plaintiff's response must be properly served on Defendant and must include a certificate of service indicating the manner in which Plaintiff served Defendant. Defendant shall have seven (7) days after the filing of any response by Plaintiff to submit a reply. **Both parties' supplemental briefs shall be limited to 3,000 words; and exhibits, including evidence, supporting the briefs do not count against the word limitation.**

**Plaintiff's failure to respond to Defendant's Motion For Summary Judgment may result in the Court granting summary judgment to Defendant; that is, he could lose his case, his case could be dismissed with prejudice, and/or judgment could be entered in favor of**

**Defendants.**

As noted above, the Court GRANTS Defendant's Motion to Strike (Doc. No. 82); however, Plaintiff may resubmit those arguments and evidence in his supplemental brief allowed under this Order.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Strike (Doc. No. 82) is GRANTED.

**IT IS FURTHER ORDERED** Plaintiff may supplement his response to Defendant's Motion For Summary Judgment (Doc. No. 65) **on or before March 18, 2021.** Failure to file a timely and persuasive response in accordance with the principles explained above could lead to the dismissal of Plaintiff's lawsuit against Defendant. **Defendant shall submit its reply no later than seven (7) calendar days after Plaintiff files his response.**

**IT IS FURTHER ORDERED** that both parties' supplemental briefing permitted under this order shall not exceed 3,000 words. Exhibits attached to the briefs do not count towards the word count limitation.

The Clerk is respectfully DIRECTED to send a copy of this Notice and Order to Plaintiff's address of record.

IT IS SO ORDERED.

Signed: March 4, 2021

Frank D. Whitney
United States District Judge