UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:18-cv-00657-FDW-DCK

| | | |
|---|---|---|
| NATHANIEL CANNON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| | ) | and |
| CHARTER COMMUNICATIONS, LLC | ) | NOTICE OF HEARING |
| | ) | |
| Defendant. | ) | |
| | ) | |

THIS MATTER is before the Court upon Defendant's Motion for Summary Judgment, (Doc. No. 65). Because Plaintiff appears *pro se*, the Court issued a Roseboro notice, (Doc. No. 85) informing Plaintiff of the burden he carries in responding to Defendant's Motion. This matter has been fully briefed by both parties, (Docs. Nos. 69, 73, 87, 88, 89), and is ripe for review.

In response to Defendant's Supplemental Briefing (Doc. No. 89) permitted by Court Order, (Doc. No. 85), as the final reply by the moving party, Plaintiff again sought leave of court to provide *additional* briefing and argument, (Doc. No. 90). Defendant responded in opposition and argued the Court should not allow Plaintiff's sur-surreply pleading, (Doc. No. 91). For the reasons stated in Defendant's "Response in Opposition," (Doc. No. 91), the Court finds no sufficient reason to allow Plaintiff's additional pleading and hereby DENIES Plaintiff's request, (Doc. No. 90), to allow the supplemental response, particularly where Plaintiff has been given multiple opportunities to respond to the instant motion.

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

1

Fed. R. Civ. P. 56(a).  A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A fact is material only if it might affect the outcome of the suit under governing law. Id.  When ruling on a summary judgment motion, a court must view the evidence and any inferences from the evidence in the light most favorable to the nonmoving party.  Anderson, 477 U.S. at 255.  "'Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.'" Ricci v. DeStefano, 557 U.S. 557, 586 (2009) (quoting Matsushita v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)).  Additionally, the Court must "liberally construe pro se pleadings." Burke v. Clarke, No. 19-6523, 2021 WL 129937, at *14 (4th Cir. Jan. 14, 2021).

Defendant contends it is entitled to summary judgment on Plaintiff's claim that Defendant violated the ADA by failing to provide a reasonable accommodation for his disability.  The ADA prohibits discrimination "against qualified individual on the basis of disability in regard to . . . terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a).  Under the statute, discrimination can include failing to make "reasonable accommodations" for a disabled employee's "known physical or mental limitations," unless the employer "can demonstrate that the accommodation would impose an undue hardship" on its business. Id. § 12112(b)(5)(A).  The Fourth Circuit recently summarized the applicable law to evaluate failure-to-accommodate claims:

> To show an employer's failure to accommodate, the plaintiff must prove: (1) that she had a disability within the statutory meaning; (2) that the employer knew of her disability; (3) that a reasonable accommodation would permit her to perform the essential functions of the position; and (4) that the employer refused to make the accommodation. Wilson v. Dollar Gen. Corp., 717 F.3d 337, 345 (4th Cir. 2013).  But even if the plaintiff makes this showing, the employer can still defeat the failure-to-accommodate claim by demonstrating that the reasonable accommodations would impose an undue hardship. US Airways, Inc. v. Barnett, 535 U.S. 391, 395, 122 S. Ct. 1516, 152 L.Ed.2d 589 (2002) (quoting § 12112(b)(5)(A)).

Perdue v. Sanofi-Aventis U.S., LLC, No. 19-2094, 2021 WL 2324553, at *3 (4th Cir. June 8, 2021). "Courts have reconciled *and kept distinct* the 'reasonable accommodation' and 'undue hardship' requirements by holding that, at the summary judgment stage, the employee need only show that an 'accommodation' seems reasonable on its face, and then the employer must show special (typically case-specific) circumstances that demonstrate undue hardship." Reyazuddin v. Montgomery Cty., Maryland, 789 F.3d 407, 414 (4th Cir. 2015) (emphasis added; quotations omitted).

Based on the evidentiary record here, the Court finds that Plaintiff has established a genuine dispute of fact for each of the elements of Plaintiff's failure to accommodation claim, as well as a genuine dispute of fact for Defendant's undue hardship defense. These disputes should be resolved by a jury, not the Court at summary judgment. Sedar v. Reston Town Ctr. Prop., LLC, 988 F.3d 756, 761 (4th Cir. 2021) ("[C]ourts must . . . refrain from weighing the evidence or making credibility determinations. A court improperly weighs the evidence if it fails to credit evidence that contradicts its factual conclusions or fails to draw reasonable inferences in the light most favorable to the nonmoving party." (citations and quotations omitted)); see also Jacobs v. N.C. Admin. Office of the Courts, 780 F.3d 562, 568 (4th Cir. 2015) ("Summary judgment cannot be granted merely because the court believes that the movant will prevail if the action is tried on the merits."). Therefore, summary judgment is not appropriate in this case.

IT IS THEREFORE ORDERED that Plaintiff's Motion to allow additional briefing (Doc. No. 90) is DENIED and Defendant's Motion for Summary Judgment (Doc. No. 65) is DENIED. The Court will GRANT the parties' Motion to Continue Trial (Doc. No. 92) in this matter. Trial shall be continued to the Court's mixed term beginning September 13, 2021. The parties' jointly-

prepared pretrial submissions required under the Case Management Order in this case (see Doc. No. 2) shall be due July 27, 2021.

TAKE NOTICE that a pretrial conference will take place on Thursday, August 5, 2021, at 9:00 a.m. in Courtroom #5B of the Charles R. Jonas Federal Building, 401 W. Trade Street, Charlotte, NC, 28202.

IT IS SO ORDERED.

Signed: June 28, 2021

Frank D. Whitney
United States District Judge