IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:18-CV-657-FDW-DCK

| NATHANIEL CANNON, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | **ORDER** |
| CHARTER COMMUNICATIONS, | ) |  |
| Defendant. | ) |  |

**THIS MATTER IS BEFORE THE COURT** on "Defendant's Motion For Fees Incurred In Connection With Defendant's Motion To Compel And Opposition To Plaintiff's Motion Compel" (Document No. 79). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion and the record, the undersigned will deny the motion.

## BACKGROUND

Nathaniel Cannon ("Cannon" or "Plaintiff") initiated this action, appearing *pro se*, with the filing of a "Complaint For Employment Discrimination" (Document No. 1), against Charter Communications ("Charter" or "Defendant") on December 11, 2018. Plaintiff's Complaint alleges that Charter discriminated against him during Plaintiff's employment with Charter by failing to accommodate his disability, thus violating the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12112 to 12117. This Court issued an Order (Document No. 3) on January 14, 2019, granting Plaintiff's motion to proceed *in forma pauperis*. The Honorable Graham C. Mullen

concluded that "Plaintiff does not have sufficient funds to pay the filing fee." (Document No. 3, p. 4).[1]

Defendant's "Motion To Dismiss Plaintiff's Complaint" pursuant to Fed.R.Civ.P. 12(b)(6) was filed on October 28, 2019. (Document No. 9, p. 1). The Honorable Frank D. Whitney issued an Order on March 4, 2020, denying Defendant's "Motion To Dismiss Plaintiff's Complaint" as moot.

Plaintiff then filed an "Amended Complaint" (Document No. 29) on March 18, 2020. Defendant's "Motion To Dismiss Plaintiff's Amended Complaint" (Document No. 30) pursuant to Fed.R.Civ.P. 12(b)(6) was filed on March 31, 2020. Judge Whitney issued an order denying Defendant's "Motion To Dismiss Plaintiff's Amended Complaint" (Document No. 42) on June 12, 2020. The Court concluded that *pro se* Plaintiff had "asserted minimally sufficient allegations to withstand Defendant's Motion To Dismiss." (Document No. 42, p. 6).

Defendant's "Motion To Compel Discovery Responses And Document Production" (Document No. 44) was filed on July 22, 2020, and granted on November 20, 2020. See (Document No. 60). In the Order granting Defendant's "Motion To Compel…", the undersigned directed Plaintiff to "provide supplemental discovery responses" on or before December 7, 2020. Id. The undersigned opined that although "[s]ome challenges and misunderstanding as a *pro se* Plaintiff are understandable, [] the delayed discovery production in this case is unacceptable and has caused unnecessary expense to Defendant." Id.

The Court deferred ruling on Defendant's request for cost and fees until after the completion of discovery. (Document No. 60, p. 5). The copy of the Court's Order (Document No. 60) sent to *pro se* Plaintiff by certified U.S. Mail on November 20, 2020, was returned as

---

[1] The Court's filing fee in December 2018 was $400.

"undeliverable" on January 7, 2021.  See (Document No. 66).  As such, it is unclear when, or if, *pro se* Plaintiff received the Court's directions and decision regarding his discovery obligations.

Meanwhile, on November 17, 2020, Plaintiff filed a "Motion To Compel Defendant To Provide Documentation Requested From Plaintiff Relevant To Claim." (Document No. 59).  The undersigned denied Plaintiff's "Motion To Compel…" on February 16, 2021.  (Document No. 78).

Now pending is "Defendant's Motion For Fees Incurred In Connection With Defendant's Motion To Compel And Opposition To Plaintiff's Motion Compel" (Document No. 79) filed with the Court on February 24, 2021.  Defendant asserts that it has been required to "incur significant and unnecessary fees" regarding the aforementioned motions to compel and the discovery process in general.  (Document No. 79-1, p. 1).  Defendant seeks an award of "its fees totaling $19,773.00." (Document No. 79-1, p. 2).

Plaintiff's "Response…" concisely asserts that he "is financially unable to pay attorney fees" and should not be obligated to pay Defendant's fees.  (Document No. 86).

Judge Whitney issued an Order on June 28, 2021, denying "Defendant's Motion For Summary Judgment" (Document No. 65).  See (Document No. 93).  Judge Whitney held that "Plaintiff has established a genuine dispute of fact for each of the elements of Plaintiff's failure of accommodation claim, as well as a genuine dispute of fact for Defendant's undue hardship defense. These disputes should be resolved by a jury, not the Court at summary judgment." (Document No. 93, p. 3).

On July 23, 2021, attorney Alexander Carr Kelly filed a "Notice Of Appearance" (Document No. 94) on behalf of Plaintiff Nathaniel Cannon.  Until then, Plaintiff had proceeded through this action *pro se* for about 2 1/2 years, including successfully defending motions for

dismissal and summary judgment. This matter is now set for trial beginning on or about November 1, 2021.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 37(a)(5) provides in pertinent part:

> **5)** *Payment of Expenses; Protective Orders.*
>
> **(A)** *If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing).* If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
>> **(i)** the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>>
>> **(ii)** the opposing party's nondisclosure, response, or objection was substantially justified; or
>>
>> **(iii)** other circumstances make an award of expenses unjust.

Fed.R.Civ.P. 37 (a)(5)(A).

## DISCUSSION

Defendant argues that "the Court should award Defendant its full fees incurred in connection with Defendant's MTC and Plaintiff's MTC . . . totaling $19,773.00." (Document No. 79-1, p. 2). Defendant notes that *pro se* Plaintiff was late responding to discovery requests, and that when he did respond, the responses "were woefully inadequate." (Document No. 79-1, p. 3). Defendant further notes that it had seven separate conferrals with Plaintiff regarding discovery and that the Court ultimately granted its motion to compel "in its entirety." Id. (citing Document Nos. 44 and 60). Defendant also points out that that it had to respond to Plaintiff's

4

"Motion To Compel…" (Document No. 59), which was later denied by the Court. See (Document No. 78).

Based on the foregoing and Fed.R.Civ.P. 37 (a)(5)(A), Defendant concludes that it must be awarded its fees related to the motions to compel. (Document No. 79-1, p. 6). Defendant argues that Plaintiff's failure to respond to discovery requests was not "substantially justified" and that "no other circumstances exist rendering an award of fees to Defendant 'unjust.'" (Document No. 79-1, pp. 6-7) (citations omitted). According to Defendant, "Plaintiff's purported indigency, especially considering his *repeated* abuse of the discovery process, does not insulate him from an award of fees in this instance" and "the Court should award Defendant its reasonable attorney's fees associated with preparing and defending Defendant's MTC." (Document No. 79-1, p. 7).

"[F]or the same reasons," Defendant contends it is entitled to fees associated with opposing Plaintiff's "Motion To Compel…." (Document No. 79-1, pp. 7-8). Defendant goes on to assert that the fees it is requesting from Plaintiff are reasonable. (Document No. 79-1, pp. 8-11).

"Plaintiff's Response…" (Document No. 86), filed while he was still unrepresented, suggests that he was/is indigent and/or that an award of costs and fees in this instance would be unjust. The response provides very little information or argument, and no legal authority. Id. Nevertheless, this limited response raises the issue that at least one of the exceptions to Rule 37 (a)(5)(A) might apply here.

Defendant subsequently failed to file a reply brief, or notice of intent not to reply, as required by Local Rule 7.1(e).

The Court does not take lightly the delays caused by the then *pro se* Plaintiff. Plaintiff's failures to participate fully and in a timely manner in the discovery process delayed this case, and almost certainly caused Defendant and the Court to expend additional energy and resources.

5

However, the undersigned is not persuaded that Defendant's demand for $19,773.00 is reasonable or just. (Document Nos. 79, 79-1); see also (Document No. 3). Without more information, the undersigned is reluctant to give Plaintiff a pass on his failures to participate in discovery, or to sanction a party appearing *in forma pauperis* almost $20,000 for delays producing discovery responses. Simply put, this Court is unlikely to award $19,773.00 in fees against a party the Court determined could not afford the $400 filing fee.

Now that Plaintiff is represented by counsel, and the parties have a more complete perspective on the record of this case, the undersigned finds that an award of fees, *if any*, should not be allowed until Plaintiff has had the benefit of his counsel conferring with opposing counsel to attempt resolution of this issue. If such conferral does not resolve the issue of fees, Defendant may file a renewed motion. Plaintiff, assisted by counsel, shall then file a response to any renewed motion for fees that more fully addresses Plaintiff's difficulty with the discovery process and the applicability of the exceptions outlined in Fed.R.Civ.P. 37 (a)(5)(A).

**IT IS, THEREFORE, ORDERED** that "Defendant's Motion For Fees Incurred In Connection With Defendant's Motion To Compel And Opposition To Plaintiff's Motion Compel" (Document No. 79) is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Defendant may re-file a motion seeking reasonable expenses and attorney's fees, on or before **October 15, 2021**, following consultation with Plaintiff's counsel.

**SO ORDERED**.

Signed: September 27, 2021

David C. Keesler
United States Magistrate Judge